**UNITED STATES of America,**
Appellee,

v.

**Sebastion Della UNIVERSITA,**
**Defendant-Appellant.**

**No. 156, Docket 27042.**

United States Court of Appeals
Second Circuit.

Submitted Dec. 21, 1961.

Decided Jan. 19, 1962.

Sebastion Della Universita, pro se.

Robert Morgenthau, U. S. Atty. for Southern District of New York, New York City, Andrew T. McEvoy, Jr., and Irving Younger, Asst. U. S. Attys. for Southern District of New York, New York City, for the United States.

Before LUMBARD, Chief Judge, and MOORE and HAYS, Circuit Judges.

LEONARD P. MOORE, Circuit Judge.

Defendant appeals from a judgment of conviction by a jury under Count I of a two-count indictment charging him with unlawful possession of counterfeit $20 Federal Reserve notes on November 11, 1960. Count II, charging possession on November 18, 1960, was dismissed for lack of proof.

Except for allegedly prejudicial conduct by the prosecutor upon the trial, appellant rests his argument for reversal upon lack of proof to establish a prima facie case for the government. Actually, it is the quality of the proof to which appellant takes exception. The government called two witnesses to prove possession, Granberg and Stuart. Granberg testified that appellant had possession of the $20 counterfeit bills in a hotel room and that Stuart was also present. Stuart stated that on or about November 11, 1960, when he entered the hotel room, appellant and Granberg were talking about counterfeit money; that Granberg gave him some bills; that the three went to the Westchester County Shopping Center upon Granberg's suggestion to see what they could do; and that he and Granberg bought some household items. As to Count II, Stuart had apparently testified before the Grand Jury that appellant on or about November 18, 1960, had possession of counterfeit notes. Upon the trial, he said that his testimony to this effect was not true. The Government having no other proof consented to the dismissal of Count II.

Appellant now argues that, if Stuart's Grand Jury testimony were false, the indictment must fail as based on perjured testimony. This result does not

follow. Stuart never testified to possession under Count I. Falsity (assuming untruthfulness) as to Count II would not vitiate Count I. United States v. Aviles, 2 Cir., 1960, 274 F.2d 179, 190; cert. den. 362 U.S. 974, 80 S.Ct. 1057, 4 L.Ed. 2d 1009 (1960).

The witness Granberg had a criminal record. The trial court clearly and accurately warned the jury that Stuart and Granberg were accomplices and that their testimony was to be scrutinized with special care. The jury saw and heard these witnesses; their verdict is determinative.

During summation, the prosecutor told the jury that "Stuart, he is not a convict, there is nothing in this record to indicate that he has a criminal background." Both prosecution and defense knew that Stuart had pleaded guilty to the same possession of counterfeit notes charge. Technically, there may have been nothing upon the trial record because defense counsel did not choose to attack Stuart. Obviously, this was because Stuart's recanting was the basis for the dismissal of Count II. And it may be that the prosecutor in his own mind differentiated between a criminal background other than the current crime and the crime arising out of the counterfeiting operation then on trial. However, in colloquy the prosecutor said, "It didn't come out and I think I am entitled to take advantage of that fact."

Trial counsel should be allowed great latitude in the exercise of such trial strategy as they believe will best serve their respective clients. The defense did not cross-examine Stuart and certainly it would have been improper for the prosecutor in a fit of pique at Stuart's change of story to have blurted out that he had a criminal record. But it was quite a different matter to attempt affirmatively to build up Stuart on summation as a witness free from crime when the prosecutor knew to the contrary.

The prosecution has a special duty not to mislead; the government should, of course, never make affirmative statements contrary to what it knows to be the truth. It was error for the Assistant United States Attorney to say that Stuart was not a convict and that there was nothing in the record to indicate that he had a criminal background. However, it was apparent to the jury from Stuart's own testimony that he had engaged in criminal activities. Moreover when appellant's counsel called the misstatement to the judge's attention and the judge offered to correct the statement in his charge, counsel refused the offer.

The claim that the Government delivered too many reports of Government agents when requested by defense counsel so to do has no merit.

Judgment affirmed.